IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FREDERICK D. TODD,**

      **Plaintiff,**

  vs.                                      Civil Action 2:13-cv-222
                                                        Judge Frost
                                                        Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

    This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits.  This matter is now before the Court on plaintiff's *Statement of Specific Errors*, Doc. No. 8, the Commissioner's *Opposition to Plaintiff's Statement of Errors* ("*Commissioner's Response*"), Doc. No. 13, and plaintiff's reply, Doc. No. 14.

    Plaintiff Frederick D. Todd filed his application for disability insurance benefits on February 1, 2010, alleging that he has been disabled since June 3, 2006.  *PAGEID* 155-61.  The claim was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

    An administrative hearing was held on November 1, 2011, at which plaintiff, represented by counsel, appeared and testified, as did George W. Coleman, III, who testified as a vocational expert.  *PAGEID*

52. In a decision dated December 14, 2011, the administrative law judge concluded that plaintiff was not disabled from June 3, 2006, through the date of the administrative decision. *PAGEID* 46. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on January 17, 2013. *PAGEID* 28.

Plaintiff was 57 years of age on the date of the administrative decision. *See PAGEID* 28, 157. Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work as a motor vehicle assembler and forklift operator. *PAGEID* 45. He has not engaged in substantial gainful activity since his alleged date of onset of disability. *PAGEID* 39.

**II. Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of depressive disorder and generalized anxiety disorder. *PAGEID* 39. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform a full range of work at all exertional levels but with the following non-exertional limitations: he should avoid workplace hazards such as heights or dangerous machinery and should not be in an environment where he could be exposed to sharp items. He is able to perform tasks in a relatively static environment characterized by few changes in duties or processes, where the work is not fast paced, does not involve strict time or production quotas, and where there is no more than brief and superficial contact with others.

*PAGEID* 40-42. The administrative law judge relied on the testimony of the vocational expert to find that this residual functional capacity

allows plaintiff to perform a significant number of jobs in the national economy. *PAGEID* 45-46. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act. *PAGEID* 46.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also

supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues, *inter alia*, that the administrative law judge erred in "completely neglecting to mention or weigh" the medical opinion of plaintiff's treating psychiatrist Jerold H. Altman, M.D.[1] *Statement of Specific Errors*, p. 19. An administrative law judge is required to evaluate every medical opinion, regardless of its source. 20 C.F.R. § 404. 1527(c). The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to determine how much weight the opinion is entitled to by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative

---

[1] Plaintiff also argues that the administrative law judge erred in evaluating the medical opinion of Irma Phillips Carmichael, Ph.D., in his credibility determination, in posing an incomplete hypothetical to the vocational expert, and in failing to evaluate the medical opinion of the state agency reviewing physician, David Dietz, Ph.D. *Statement of Specific Errors*, pp. 6-19. Because the Court concludes that the matter must be remanded for further consideration of the medical opinions of Dr. Altman, the Court will not consider plaintiff's remaining contentions.

4

law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).  This special treatment afforded to the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Plaintiff began treating with Dr. Altman on February 11, 2010. *PAGEID* 281.  On March 9, 2010, after two sessions with plaintiff, Dr. Altman opined that plaintiff's "affect is anxiety [with] moderate depression" and that plaintiff's preoccupation with his adult son and moderate depression and anxiety cause some memory problems, "reduced" daily activities, and an inability "to interact appropriately with others."  *PAGEID* 281-83.  Dr. Altman opined that, "at this time," plaintiff "is unable to cope with stress."  *PAGEID* 283.  On October 22, 2010, after "approximately 9 months" of treatment, Dr. Altman diagnosed "Major Depression, Moderate with anxiety."  *PAGEID* 3132.  Plaintiff's concentration was "somewhat disruptal [sic] due to preoccupation [with] his son who has conflicts," his "daily activities

5

are reduced due to depression and anxiety," his "interests [are] somewhat decreased due to depression," his "social interaction somewhat minimal due to depression," and he had a "poor ability to cope with stress."  *Id*.

The Commissioner concedes that Dr. Altman qualified as plaintiff's treating psychiatrist in October 2010 (but not as of the March 2010 opinion) and that the administrative law judge did not mention either of Dr. Altman's opinions in his decision. *Commissioner's Response*, pp. 8-11.  The Commissioner argues, however, that any error in in this regard was harmless.  *Id*.  Specifically, the Commissioner argues that Dr. Altman was not a treating source in March 2010, that his March 2010 opinion "did not indicate how long Plaintiff's limitations would last," and that this opinion "was inconsistent with Plaintiff's own statements."  *Id*. at p. 9.  The Commissioner argues that "[a]ny error the ALJ made by not mentioning Dr. Altman's October 2010 assessment was harmless" because the administrative law judge's "RFC is consistent with [Dr. Altman's October 2010 assessment]."  *Id*. at p. 10.  The Commissioner's arguments are without merit.

The administrative law judge made only passing mention of Dr. Altman. *PAGEID* 39("In 2010, the claimant began to see Jerold H. Altman, M.D. for psychotropic medication management."). The administrative law judge did not expressly characterize Dr. Altman as a treating provider and made no specific mention of Dr. Altman's

6

reports.  He did not evaluate Dr. Altman's opinions for controlling weight, nor did he consider the factors required by *Wilson*.

It is undisputed that each of Dr. Altman's opinions constitutes a "medical opinion"[2] under the regulations.  *Cf. West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 697 (6th Cir. 2007) (rejecting a treating source opinion because it was "not a specific, medically supported opinion on the nature and severity of [the plaintiff's] impairments; rather it is an assessment on the ultimate issue of whether [the plaintiff] could continue to work with his medical condition").  Nevertheless, it is not clear from the record whether the administrative law judge even considered Dr. Altman's opinions; even if he did, the administrative law judge did not provide reasons "sufficiently specific to make clear to any subsequent reviewers" the reasons for discounting Dr. Altman's opinions.  *See Rogers*, 486 F.3d at 242.  Finally, this Court cannot determine, from reviewing the administrative law judge's RFC assessment, whether the limitations articulated by Dr. Altman are adequately reflected in the administrative law judge's RFC assessment.

The Court therefore concludes that the matter must be remanded for further consideration of the opinions articulated by plaintiff's treating provider, Dr. Altman.

---

[2] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 404.1527(a)(2).

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** consistent with the foregoing.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

November 12, 2013                                              *s/Norah McCann King*
                                                               Norah M$^c$Cann King
                                                    United States Magistrate Judge